UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNTU AKILI,<br><br>    Petitioner,<br><br>    v.<br><br>MATEVOUSIAN,<br><br>    Respondent. | Case No.: 1:15-cv-00476-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SECOND AND SUCCESSIVE (Doc. 11)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner filed this action on March 26, 2015. (Doc. 1). A review of the Court's docket reflects that Petitioner has previously filed a petition in this Court, in case no. 1:14-cv-00371-BAM, which raised virtually identical issues as the instant petition and that the Court dismissed the earlier matter on the merits on February 12, 2015. Subsequently, the Ninth Circuit denied a certificate of appealability on November 3, 2015.

**I.     DISCUSSION**

    A.  <u>Procedural Grounds for Motion to Dismiss</u>

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on the fact that the petition is successive and constitutes an abuse of the writ. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Successive Petitions

Section 2244 provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

This gate-keeping provision requires the Court of Appeals to authorize successive petitions regarding state court judgments pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(b).

However, the provisions requiring prior appellate permission to proceed with a successive petition pertain expressly to claims presented under § 2254 and contain no reference to petitions filed under § 2241. Thus, the gate-keeping provisions do not apply to habeas petitions filed under § 2241. Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000).

Nevertheless, § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. Id.; accord, Valona v. United States, 138 F.3d 693, 694–695 (9th Cir.1998) (concluding that § 2244(a) bars successive

petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

AEDPA's bar against successive petitions have been referred to as a modified res judicata rule placing limits on the traditional habeas corpus rule against "abuse of the writ," a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (citing McCleskey v. Zant, 499 U.S. 467, 489, 111 S.Ct. 1454 (1991). If a successive petition is filed dismissal is warranted. Queen v. Miner, 550 F.3d 253, 255 (3d Cir.2008); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997).

Here, Petitioner purports to challenge the "execution" of his sentence in that the State of Ohio has apparently revised its criminal statutes and, Petitioner contends, the criminal drug laws under which he was convicted, and which were in part used to enhance his federal sentence, are no longer applicable. Although Petitioner strains to emphasize that he is not challenging his career offender sentence, while at the same time arguing that he is actually innocent based on Ohio's change in its criminal laws, the simple and obvious fact remains that this is essentially the same contention Petitioner raised in his previous petition in this Court.

Moreover, the Court notes that, in that earlier case, documents were made part of the record that indicate that Petitioner had filed an even earlier habeas petition in the Central District of California, in case number 14-0539 DSF (RZ), which was dismissed as a "disguised" § 2255 motion on February 5, 2014. The chronology of these habeas filings makes clear that Petitioner is unwilling to accept the judgment of the federal courts that he has already had an "unobstructed procedural shot" at his claim of actual innocence, and that he believes he may continue to raise the same claims, tweaked slightly to appear to be "new" arguments, in successive habeas petitions before this and other federal district courts. It bears emphasis that none of the arguments in the instant petition involve "new" evidence or recent changes in the law; rather, they duplicate arguments raised in prior proceedings, all of which have been concluded against Petitioner. In sum, Petitioner has been abusing and continues to abuse the writ of habeas corpus. The previous case in this Court functions as res judicata for these claims.

Accordingly, the instant petition for writ of habeas corpus should be dismissed as successive.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that Respondent's motion to dismiss (Doc. 11) be **GRANTED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and **filed within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2016**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE